IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      No. CR 13-1353 JH

MANUEL ENRIQUE RAMOS-CALDERON,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's letter-motion (Doc. 22) filed on September 9, 2013, seeking the Court's assistance in correcting the BOP's application of jail-time credit against his sentence. The United States has filed a response to the motion with a helpful explanation of the BOP's calculation of the time remaining on Defendant's sentence. The Court will deny the motion.

    The motion must be denied for either of two reasons. First, this Court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (citing *United States v. Blackwell*, 81 F.3d 945, 947-48, 949 (10th Cir. 1996)). No such statutory authority is presented in Defendant's motion.

    Second, even if the Court were to grant credit for prior custody against the term of imprisonment, Defendant's post-conviction custodian--the United States Attorney General or Bureau of Prisons ("BOP")--would not be bound by the calculation. The Attorney General, through the BOP, has the responsibility of administering a federal sentence, including computation of credit for pretrial incarceration. *See United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("only the Attorney General through the Bureau of Prisons has the power to grant sentence credit") (citing

*United States v. Wilson*, 503 U.S. 329, 333, 337 (1992).

If Defendant believes "that the execution of his sentence violates federal law or the Constitution," *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010), and he exhausts the BOP's administrative remedies, he may seek judicial relief in a petition under 28 U.S.C. § 2241 filed in the district where he is incarcerated, *see Wilson*, 503 U.S. at 335-36; *Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir. 1996); *United States v. Buck*, No. 99-2129, 1999 WL 811685, at **2 (10th Cir. Oct. 12, 1999). Because the Court may not modify Defendant's sentence and the requested relief cannot be effectively granted, the motion will be denied.

IT IS THEREFORE ORDERED that Defendant's letter-motion (Doc. 22) is DENIED, and the Clerk is directed to mail copies of this Order and Docs. 22 and 23 to Defendant at the address indicated in Doc. 22.

_____
UNITED STATES DISTRICT JUDGE